STATE OF NEBRASKA, APPELLEE, V.
DANIEL J. LOSINGER, APPELLANT.
686 N.W.2d 582

Filed September 24, 2004.    No. S-03-1304.

R. Bradley Dawson, of Dawson & Piccolo, and Richard A. Birch, of Nielsen & Birch, for appellant.

Jon Bruning, Attorney General, Susan J. Gustafson, and Erin E. Leuenberger, Senior Certified Law Student, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.
### NATURE OF CASE
In this appeal, Daniel J. Losinger contends that the trial court abused its discretion by imposing excessive sentences. The court sentenced Losinger to serve 50 years' to life imprisonment for murder in the second degree and 10 to 20 years' imprisonment for use of a deadly weapon to commit a felony in connection with the 2001 murder of Vicki Soto. The sentences were to be served consecutively.

### BACKGROUND
On December 2, 2001, Losinger visited his girl friend's sister, who resided above the basement apartment where Soto and her husband lived. That same night, Soto's husband discovered her

body lying in a pool of blood in their apartment. Soto was 8½ months pregnant at the time. According to North Platte police reports, Soto was attacked while apparently eating dinner and coloring pictures. It appears that a struggle ensued between Soto and Losinger, as she sustained a number of defensive wounds on her fingers, some of which were deep enough that the bones could be seen. At some point, Losinger cut her throat at least three times with a sharp instrument, which was approximately 8 to 12 inches in length. These cuts severed her carotid artery and ultimately caused her death, as well as the death of her fetus. After Soto had bled out on her living room floor, Losinger positioned her fingers so that the middle finger of each hand was extended from the other fingers. In addition, after Soto had died, Losinger amputated her legs from the knees down, cutting her left leg through the bone under the kneecap and severing the right leg by cutting in between the two ends of the joint of the leg. When emergency personnel and police arrived, they discovered that the amputated portions of Soto's legs were missing. The missing portions of her legs were eventually discovered 2 days later in a cardboard box which was concealed in a cement storm sewer pipe near the South Platte River.

Losinger is a 52-year-old high school dropout who suffers from a learning disability, has an IQ estimated to be in the 70's, and has a history of alcohol and substance abuse. Losinger claims that he completed his education through only the 11th grade because he was unwilling to fulfill a physical education requirement. In addition to his learning disability, Losinger has a history of substance and alcohol abuse. He claims to have consumed his first beer at the age of 7 and began to consume alcohol on a regular basis by the age of 14. Losinger also used marijuana, which he has smoked as often as daily. Since moving to Nebraska, Losinger's use of marijuana has been only occasional because of its cost.

Prior to relocating to Nebraska in 1998, Losinger accumulated a criminal record which dates back to 1972. Losinger had been imprisoned four times as an adult prior to his current incarceration. He had also been placed on 18 months' probation and ordered to complete anger management control counseling due to a disorderly conduct charge.

Losinger was initially charged with murder in the first degree for the death of Soto and use of a deadly weapon to commit a felony, to which he pled not guilty. Subsequently, Losinger entered into a plea agreement whereby he plead no contest to murder in the second degree and use of a deadly weapon to commit a felony. Upon his plea, the trial court sentenced Losinger to serve 50 years' to life imprisonment for murder in the second degree and 10 to 20 years' imprisonment for use of a deadly weapon to commit a felony. The sentences were ordered to run consecutively, and credit was given for 692 days served. Losinger timely appealed his sentences on the ground that the trial court abused its discretion by imposing excessive sentences in light of the facts and Losinger's background.

## ASSIGNMENT OF ERROR

Losinger assigns on appeal two errors which can be consolidated into one. Losinger contends, restated, that the trial court abused its discretion in sentencing Losinger by imposing excessive sentences.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Weaver*, 267 Neb. 826, 677 N.W.2d 502 (2004); *State v. Faber*, 264 Neb. 198, 647 N.W.2d 67 (2002). An abuse of discretion occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. *State v. Hill*, 255 Neb. 173, 583 N.W.2d 20 (1998). See *State v. McPherson*, 266 Neb. 715, 668 N.W.2d 488 (2003).

## ANALYSIS

As his sole assignment of error, which has been consolidated and restated, Losinger argues that the trial court abused its discretion when it sentenced him to 50 years' to life imprisonment for the second degree murder of Soto and 10 to 20 years' imprisonment for the use of a deadly weapon to commit a felony. The second degree murder charge is a Class IB felony punishable by 20 years' to life imprisonment. Neb. Rev. Stat. §§ 28-105 (Cum. Supp. 2002) and 28-304 (Reissue 1995). Use of a deadly weapon

to commit a felony is a Class III felony punishable by 1 to 25 years' imprisonment, a $25,000 fine, or both. § 28-105 and Neb. Rev. Stat. § 28-1205(2)(a) (Reissue 1995).

■ In considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Timmens*, 263 Neb. 622, 641 N.W.2d 383 (2002).

■ Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Weaver, supra*; *State v. Hubbard*, 267 Neb. 316, 673 N.W.2d 567 (2004); *State v. Timmens, supra.*

■ Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Roeder*, 262 Neb. 951, 636 N.W.2d 870 (2001). An abuse of discretion takes place where the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

In his brief on appeal, Losinger argues that several of the following factors establish that the sentences imposed by the trial court were excessive: his age, his failure to complete high school, his learning disability, a low IQ, a minimal criminal history since moving to Nebraska in 1998 (though a substantial one prior to his relocation), a dysfunctional homelife as a child, a lack of involvement with violence, and the fact that he was under the influence of alcohol when he murdered Soto.

In our recent decision in *State v. Weaver*, 267 Neb. 826, 677 N.W.2d 502 (2004), the defendant was convicted of second degree murder for the death of his grandmother, who died as a result of asphyxiation by strangulation. The defendant was sentenced to

a term of 60 years to life in prison. In support of his argument on excessive sentence, the defendant pointed to his negligible criminal record, his youth, and his troubled upbringing. His parents had problems with alcohol abuse, he was verbally abused by his mother, and the woman who became somewhat of a stepmother to him committed suicide when he was 13 years old. We noted that the trial court was aware of these circumstances, as evidenced by the presentence investigation report, but that the court found, in light of the totality of the circumstances, that they did not justify a finding of an excessive sentence. We affirmed the defendant's conviction and sentence.

In the instant case, Losinger attacked a woman who was 8½ months pregnant. She attempted to fight him off, as was evidenced by the deep cuts down to the bone on her fingers. She was unsuccessful, and she, as well as her unborn child, were killed when Losinger cut her throat three times. After killing Soto, Losinger positioned her fingers so that only the middle finger of each hand extended from the other fingers and severed each leg from her body at the knee. He then concealed the lower portions of her legs in a storm sewer pipe, where they were not discovered for another 2 days.

## CONCLUSION
Based on the record in this case, we conclude that the trial court did not abuse its discretion in imposing the sentences.

AFFIRMED.