STATE OF NEBRASKA, APPELLEE, V.
HARRY J. MASTNE, APPELLANT.
725 N.W.2d 862

Filed December 19, 2006. No. A-05-911.

James R. Mowbray and Kelly S. Breen, of Nebraska Commission on Public Advocacy, for appellant.

Jon Bruning, Attorney General, Susan J. Gustafson, and Chris Seifert, Senior Certified Law Student, for appellee.

INBODY, Chief Judge, and IRWIN and CARLSON, Judges.

INBODY, Chief Judge.

## INTRODUCTION

Harry J. Mastne appeals from the order of the district court for Dakota County, Nebraska, ordering him to register. as a sex offender for the remainder of his life and sentencing him to 12 to 20 years' imprisonment. For the reasons set forth herein, we affirm Mastne's sentences in part, and in part vacate the sentences and remand the cause with directions.

## STATEMENT OF FACTS

On October 12, 2004, Mastne was charged by information with five counts of sexual assault of a child. In the information, the State alleged that between the dates of April 1 and July 26, 2004, Mastne subjected five children 14 years of age or younger to sexual contact.

Pursuant to a plea agreement, Mastne pled guilty to four of the five counts of sexual assault of a child and the State agreed to dismiss the fifth count. The State provided the following factual basis:

> [Mastne] confessed that he had sexually molested his foster daughter, J. M., by fondling her clitoris and buttocks. He claimed that this had happened a couple of times in June of 2004 while she was awake. He also . . . admitted to molesting J. M. in this manner two to three times within the month of July 2004.

> [Mastne] admitted that he had sexually molested the girls with the initials A. L. and M. L., his relatives, by also fondling their clitoris and buttocks and also their back and chest. He claimed he did this to A. L. and M. L. the weekend of July 23rd through 25th, 2004, while they were sleeping on the couch in the upstairs living room of his home. He also admitted that he molested A. L. and M. L.

in this manner the weekend before in July 2004 and estimated that he had molested A. L. and M. L. a total of two to three times in the month of July 2004.

Your Honor, during the interview [Mastne] then denied molesting any other victims. Deputy [Jeremy] Bermel then confronted [Mastne] with information that two other children — daycare children with the initials H. E. and H. E., who had been provided daycare in the Mastne home, had also been victimized by Mastne. And after being confronted with that information [Mastne] then confessed that he had also molested H. E., . . . born March 16th, 1993, and also H. E. born May 31st, 1995, by also fondling each girl[']s clitoris and buttocks in May and April of 2004 while they were each sleeping on the floor or in a chair in his home. He admitted that he did this to H. E. and H. E. at least two to three times in April and May of 2004.

The district court accepted Mastne's guilty pleas and found him guilty on four counts of sexual assault of a child. The State and Mastne made a joint motion for evaluation of Mastne by the Diagnostic and Evaluation Center of the Department of Correctional Services, and the district court so ordered.

A sentencing hearing was held on June 28, 2005. At the hearing, the district court judge noted the following:

As everybody is aware, these victims were quite young. [One of the victims] was 12, [another victim] was 8, [another victim] was 6, [and another victim] was 9. Apparently [one of the victims'] mother is not seeking restitution, but is certainly concerned about the long-term effects on [her daughter].

We've got [two of the victims who] have both been involved in counseling since these incidents. It was in the [presentence investigation report that one of the victims] has been wetting the bed and has nightmares. [One of the victims] wakes up sometimes at night crying.

And the file also indicated [Mastne], I believe, admitted . . . inappropriate sexual contact with the victims probably on about 10 occasions each. Without going into too much details, he touched the private parts of . . . all four girls, as far as that goes, rubbed the vagina of [three of the victims]

and it's sickening to repeat these things but this is what happened unfortunately.

There's also something in the file from . . . a mental health therapist working with [two of the victims]. Apparently they had had about 11 different placements since their birth. And, as I say, they were only 8 and 6 years old, been in about 11 different places before this came up. Apparently been a lot of chaos and things like that. But with [their current] family they survived, thrived, and apparently began to heal. And they were adopted by their foster parents, then their grandfather harmed them and they knew that he shouldn't have been doing things like that. Somebody they had trusted. Apparently [one of the victims] has been somewhat shut down and [another victim] started having nightmares and separation anxiety.

As regards the report from the Lincoln Regional Center indicates [Mastne] is a moderate risk [to] engage in future offenses relating to sexual misbehavior. It appears he has engaged in a more extensive pattern of sexual misconduct than he would actually admit. And he does not meet the criteria, according to the Lincoln Regional Center, to be classified as a . . . sexually violent offender.

But — and one thing in [Mastne's] favor is his record. I think there are a couple of traffic matters and that was about the extent of it. But these are serious crimes. Any felony is a serious crime. These are Class IIIA [felonies] where the maximum is . . . five years.

. . . .

Also, looking through the statute, this — this offense is considered to be . . . an aggravated one since there was some penetration, however slight, and this is based on attachments to the report of May 4, 2005, from the diagnostic and evaluation center. I believe by finding the offense to be an aggravated offense [Mastne] is required to register under the sex offender registration act basically . . . for the rest of his life.

On each count of sexual assault of a child, Mastne was sentenced to 3 to 5 years' imprisonment, with the sentences to be

served consecutively. He was given credit for 337 days already served. Mastne has timely appealed to this court.

## ASSIGNMENTS OF ERROR

Mastne alleges that the district court abused its discretion in imposing excessive prison sentences upon him and in finding that he was convicted of a registrable offense involving penetration and thus requiring him to register as a sex offender for the rest of his life.

## STANDARD OF REVIEW

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Losinger*, 268 Neb. 660, 686 N.W.2d 582 (2004). An abuse of discretion occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. *Id.*

Statutory interpretation presents a question of law. *McCray v. Nebraska State Patrol*, 271 Neb. 1, 710 N.W.2d 300 (2006). When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Id.*

## ANALYSIS

Mastne first alleges that the district court abused its discretion when it imposed excessive prison sentences upon him. Mastne pled guilty to and was convicted of four counts of sexual assault of a child, a Class IIIA felony. Class IIIA felonies are punishable by up to 5 years' imprisonment, a $10,000 fine, or both. Mastne was sentenced to 3 to 5 years' imprisonment on each count, with credit given for 337 days already served. The sentences were ordered to run consecutively. Therefore, Mastne's aggregate sentence was 12 to 20 years' imprisonment.

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Losinger, supra.* An abuse of discretion occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. *Id.*

Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *Id.* Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.*

In Mastne's brief, he asserts: "The record herein demonstrates that the sentencing judge injected his bias into the sentencing determination and made findings apart from the information, plea and factual basis." Brief for appellant at 9. He claims that "the sentence imposed ignored the positive steps taken by [Mastne] in rehabilitating himself and the genuine remorse he feels in regard to his crimes." *Id.* Mastne also suggests that "[u]nder these circumstances a reasonable person would believe that the sentencing judge substituted his personal bias and prejudices in place of the statutory guidance for determining an appropriate and just sentence" and that "[i]gnoring competent evidence and relying on allegations outside the information, plea and factual basis demonstrates an animus, bias and prejudice against [Mastne]." *Id.* at 11.

At Mastne's sentencing hearing, the district court judge noted the following:

> As everybody is aware, these victims were quite young. [One of the victims] was 12, [another victim] was 8, [another victim] was 6, [and another victim] was 9. Apparently [one of the victims'] mother is not seeking restitution, but is certainly concerned about the long-term effects on [her daughter].
>
> We've got [two of the victims who] have both been involved in counseling since these incidents. It was in the [presentence investigation report that one of the victims] has been wetting the bed and has nightmares. [One of the victims] wakes up sometimes at night crying.

And the file also indicated [Mastne], I believe, admitted . . . inappropriate sexual contact with the victims probably on about 10 occasions each. Without going into too much details, he touched the private parts of . . . all four girls, as far as that goes, rubbed the vagina of [three of the victims] and it's sickening to repeat these things but this is what happened unfortunately.

There's also something in the file from . . . a mental health therapist working with [two of the victims]. Apparently they had had about 11 different placements since their birth. And, as I say, they were only 8 and 6 years old, been in about 11 different places before this came up. Apparently been a lot of chaos and things like that. But with [their current] family they survived, thrived, and apparently began to heal. And they were adopted by their foster parents, then their grandfather harmed them and they knew that he shouldn't have been doing things like that. Somebody they had trusted. Apparently [one of the victims] has been somewhat shut down and [another victim] started having nightmares and separation anxiety.

As regards the report from the Lincoln Regional Center indicates [Mastne] is a moderate risk [to] engage in future offenses relating to sexual misbehavior. It appears he has engaged in a more extensive pattern of sexual misconduct than he would actually admit. And he does not meet the criteria, according to the Lincoln Regional Center, to be classified as a . . . sexually violent offender.

But — and one thing in [Mastne's] favor is his record. I think there are a couple of traffic matters and that was about the extent of it. But these are serious crimes. Any felony is a serious crime. These are Class IIIA [felonies] where the maximum is . . . five years.

A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *State v. Pattno*, 254 Neb. 733, 579 N.W.2d 503 (1998). A judge shall be disqualified if a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of

reasonableness, even though no actual bias or prejudice was shown. *Id.*

In the instant case, we find that no reasonable person who knew the circumstances of the case would question the district court judge's impartiality under an objective standard of reasonableness. The district court judge merely noted that the acts committed by Mastne were "sickening to repeat." This can hardly be considered proof of judicial bias, particularly when Mastne's own attorney conceded at the sentencing hearing that "[t]his is a horrendous, horrible crime" and that "these were monstrous acts. There's no doubt they were monstrous acts." The district court clearly did not abuse its discretion when it made its comments prior to sentencing.

Mastne also alleges that the district court abused its discretion when it considered allegations not admitted in his guilty pleas and when it "relied on a spurious reference to a child victim's belief that [Mastne] had 'been inside her body' despite the child advocate's disclaimer that the child was 'not sure how she knows he did that.'" Brief for appellant at 11. Mastne claims: "Misapprehension of the facts and circumstances of a case is evidence that a sentencing judge abused his discretion." *Id.* at 10.

The information that Mastne is referring to is in a report contained in the presentence report. It does not appear that the district court misapprehended the facts or circumstances of the instant case; it merely relied on information contained in the presentence report. In considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors. *State v. Losinger*, 268 Neb. 660, 686 N.W.2d 582 (2004). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.* Mastne's prison sentences were clearly within the statutory limits prescribed for the crimes he committed. Simply put, the district court did not abuse its discretion when it imposed its prison sentences upon Mastne. This assignment of error lacks merit.

Mastne also alleges that the district court abused its discretion when it ordered him to register as a sex offender for the

remainder of his life. In so ordering, the district court noted the following:

> Also, looking through the statute, this — this offense is considered to be . . . an aggravated one since there was some penetration, however slight, and this is based on attachments to the report of May 4, 2005, from the diagnostic and evaluation center. I believe by finding the offense to be an aggravated offense [Mastne] is required to register under the sex offender registration act basically . . . for the rest of his life.

Neb. Rev. Stat. § 29-4005 (Cum. Supp. 2004) provides in relevant part:

> (2) A person sentenced for a registrable offense under section 29-4003 shall be required to register under the act for the rest of his or her life if such registrable offense is an aggravated offense or the person has a prior conviction for a registrable offense. The sentencing court shall make that fact part of the sentencing order.
>
> . . . .
>
> (4) For purposes of this section:
>
> (a) Aggravated offense means any registrable offense under section 29-4003 which involves the penetration of (i) a victim age twelve years or more through the use of force or the threat of serious violence or (ii) a victim under the age of twelve years.

Statutory interpretation presents a question of law. *McCray v. Nebraska State Patrol*, 271 Neb. 1, 710 N.W.2d 300 (2006). When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Id.* In the absence of ambiguity, courts must give effect to the statutes as they are written. *Id.* If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Id.* Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Id.*

It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither

is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. *Id.* In construing a statute, a court must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of the court to read anything plain, direct, and unambiguous out of the statute. *State v. Hamik*, 262 Neb. 761, 635 N.W.2d 123 (2001). Likewise, it is not for the courts to supply missing words or sentences to a statute to make clear that which is indefinite, or to supply that which is not there. *Id.*

Section 29-4005(2) provides:

> A person sentenced for a registrable offense under section 29-4003 shall be required to register under the act for the rest of his or her life if such registrable offense is an aggravated offense or the person has a prior conviction for a registrable offense. The sentencing court shall make that fact part of the sentencing order.

Further, an aggravated offense is defined by the Legislature as "any registrable offense under section 29-4003 which involves the penetration of (i) a victim age twelve years or more through the use of force or the threat of serious violence or (ii) a victim under the age of twelve years." § 29-4005(4)(a). By comparison, § 29-4005(3)(a) provides:

> When sentencing a person for a registrable offense under section 29-4003, a court may also determine if the person is a sexually violent predator. When making its determination the court shall consider information contained in the presentence report and the recommendation of experts in the behavior and treatment of sex offenders, victims' rights advocates, and representatives of law enforcement agencies.

█ The intent of the Legislature is expressed by omission as well as by inclusion. *State v. Johnson*, 12 Neb. App. 247, 670 N.W.2d 802 (2003). It is clear from the language used by the Legislature in § 29-4005(3)(a) that in order for an offender to be deemed a "sexually violent predator," the sentencing court must make that determination. By omitting such language from the text of § 29-4003(2), the Legislature made it equally clear that it did not intend for the sentencing court to make a factual finding or determination regarding whether or not an offense is "an

aggravated offense." Rather, it intended for the statutory definition of the crime for which an offender is convicted, or the existence of an offender's prior conviction, to provide whether or not an offense is to be deemed "an aggravated offense." Therefore, we find that the district court erred when it made its own determination that Mastne's crimes constituted aggravated offenses, instead of examining the statutory definitions for the crimes he committed.

In the instant case, Mastne pled guilty to four counts of sexual assault of a child. Neb. Rev. Stat. § 28-320.01(1) (Cum. Supp. 2004) provides the statutory definition of this crime as follows: "A person commits sexual assault of a child if he or she subjects another person fourteen years of age or younger to sexual contact and the actor is at least nineteen years of age or older." The crimes for which Mastne pled guilty do not include the element of penetration. Therefore, it was error for the district court to conclude that Mastne's crimes constituted aggravated offenses and to order him to register as a sex offender for the remainder of his life, pursuant to § 29-4005(2).

Section 29-4005(1) provides:

> Except as provided in subsections (2) and (3) of this section, any person to whom the Sex Offender Registration Act applies shall be required to register during any period of supervised release, probation, or parole and shall continue to comply with the act for a period of ten years after the date of discharge from probation, parole, or supervised release or release from incarceration, whichever date is most recent. The ten-year registration requirement shall not apply to any person while he or she is incarcerated in a jail, a penal or correctional facility, or any other public or private institution. The ten-year registration requirement does not include any time period when any person who is required to register under the act knowingly or willfully fails to comply with such registration requirement.

We find that the portion of Mastne's sentences ordering him to register as a sex offender for the remainder of his life, pursuant to § 29-4005(2), must be vacated. The cause is remanded to the district court, and that court is directed to order Mastne to register as a sex offender pursuant to § 29-4005(1).

## CONCLUSION

We find that the district court did not abuse its discretion when it imposed its prison sentences upon Mastne. However, the court did err when it found that Mastne was guilty of aggravated offenses and when it ordered him to register as a sex offender for the remainder of his life. Therefore, that portion of Mastne's sentences is vacated, and the cause is remanded with directions to sentence Mastne to register as a sex offender pursuant to § 29-4005(1).

SENTENCES AFFIRMED IN PART AND IN PART VACATED, AND CAUSE REMANDED WITH DIRECTIONS.

CARLSON, Judge, concurs.