17 Neb. App. 480
STATE OF NEBRASKA, APPELLEE,
v.
TINA R. SOSNOWSKI, APPELLANT.
No. A-08-586.
Court of Appeals of Nebraska.
Filed March 31, 2009.
Thomas J. Garvey for appellant.
Jon bruning, Attorney General, and George R. love for appellee.
INBODY, Chief Judge, and IRWIN and SIEVERS, Judges.
IRWIN, Judge.

I. INTRODUCTION
Tina R. sosnowski appeals her conviction and sentence on a charge of theft of a rented or leased vehicle pursuant to Neb. Rev. stat. § 28-511(4) (Reissue 2008). On appeal, sosnowski challenges the sufficiency of the evidence to support the conviction and challenges the sentence imposed by the district court for sarpy County, Nebraska. We find the evidence insufficient to support a conviction under § 28-511(4), and we reverse.

II. BACKGROUND
This case arises from the circumstances surrounding sosnowski's renting of a car from a company known as Rent 4 Less in the Omaha, Nebraska, area in september 2006. The evidence adduced at trial indicates that Rent 4 Less is a local business that rents used cars from three service stations in the Omaha area. Employees of the service station are responsible for the actual rental transaction. One of the three Rent 4 Less locations is at a service station named "Yeck's Auto Repair" in Bellevue, Nebraska.
On september 18, 2006, sosnowski went to Yeck's Auto Repair to rent a vehicle from Rent 4 Less. That rental was pursuant to a rental agreement. The rental agreement included the designation "Rent 4 Less" at the top, with "Omaha, Nebraska," and "XXX-XXX-XXXX" below. The rental agreement also included an address for the "Corporate Office." The rental agreement indicates that the car was due to be returned on september 20. The rental agreement also indicates on the front that the vehicle is "presumed embezzled if not returned when due and subject to additional fee if not returned to above location" and indicates on the back that the renter agrees to return the vehicle "to the place" and specifies penalties if the vehicle is not returned "to the renting office specified on the [front] side." The undisputed testimony at trial, and a review of the rental agreement itself, demonstrates that the rental agreement does not include the addresses for any of the Rent 4 Less locations, does not include the address for Yeck's Auto Repair, and includes the address for only the Rent 4 Less corporate office. Additionally, the undisputed testimony at trial indicated that Rent 4 Less does not accept vehicle returns at the corporate office and that vehicles are not to be returned to the corporate office address included on the rental agreement.
The Yeck's Auto Repair employee who rented the vehicle to sosnowski testified that he discussed the details of the rental agreement with her, including the date the vehicle was due back and specifically that it was to be returned to "Rent 4 Less." The undisputed testimony at trial was that sosnowski returned to Yeck's Auto Repair on september 20, 2006, the date the vehicle was due, with the rental vehicle. sosnowski indicated to the employee that she needed the vehicle for an additional day. According to the employee, he extended the rental for an additional day, but did so without any written agreement of extension; he testified that extensions are typically done on a "verbal" basis.
Sosnowski did not return the vehicle on september 21, 2006. The Yeck's Auto Repair employee who had rented the vehicle to sosnowski made several attempts to contact her about returning the vehicle, all without success. Eventually, the owner of Rent 4 Less was notified of the situation. He testified that Rent 4 Less mailed a certified letter to sosnowski at the address she had provided when renting the vehicle. When no response was received from sosnowski, he notified the Bellevue Police Department. The vehicle was eventually located approximately 6 months later, and the testimony indicates that the vehicle was recovered in good condition.
On February 8, 2007, the state charged sosnowski by complaint with theft of a rented or leased vehicle pursuant to § 28-511(4). In the complaint, the state both specifically cited § 28-511(4) and quoted § 28-511(4) in its entirety in setting out the charge against sosnowski. On July 13, the state filed an information in the district court charging sosnowski with theft of a rented or leased vehicle pursuant to § 28-511(4). In the information, the state both specifically cited § 28-511(4) and quoted § 28-511(4) in its entirety in setting out the charge against sosnowski.
At the conclusion of trial, a jury returned a verdict of guilty. The district court sentenced sosnowski to a term of 15 to 15 months' imprisonment. This appeal followed.

III. ASSIGNMENTS OF ERROR
Sosnowski asserts on appeal that there was insufficient evidence to support a verdict of guilty and that the district court abused its discretion in sentencing sosnowski.

IV. ANALYSIS

1. SUFFICIENCY OF EVIDENCE
sosnowski asserts that the evidence adduced by the state was insufficient to prove the statutory elements required by § 28-511(4) to support a conviction for theft of a rented or leased vehicle. specifically, sosnowski challenges the sufficiency of the evidence to demonstrate that she had the vehicle pursuant to a written rental contract at the time it was not returned, the sufficiency of the evidence to demonstrate that the contract at issue specified the date and time for return of the vehicle, and the sufficiency of the evidence to demonstrate that written demand for return of the vehicle was made by certified mail. We focus on sosnowski's assertion regarding the contract specifying the location for return of the vehicle and conclude that the evidence was not sufficient.
[1] section 28-511(4) specifies:
A person is guilty of theft if he or she (a) rents or leases a motor vehicle under a written lease or rental agreement specifying the time and place for the return of the vehicle and fails to return the vehicle within seventy-two hours of written demand for return of the vehicle made upon him or her by certified mail to the address given by him or her for such purpose . . . .
Pursuant to the statute, and relevant to this appeal, proof of this offense requires the state to demonstrate that (1) sosnowski rented the vehicle pursuant to a written rental agreement, (2) the written agreement specified the time and place for the return of the vehicle, (3) written demand for return of the vehicle was made upon her by certified mail, and (4) she failed to return the vehicle within 72 hours of such demand.
Sosnowski first challenges the sufficiency of the state's evidence that she rented the vehicle pursuant to a written rental contract. The undisputed evidence at trial indicates that she rented a vehicle on september 18, 2006, pursuant to a written contract that specified that the vehicle was to be returned on september 20. As sosnowski argues, the undisputed evidence demonstrates that she returned to Yeck's Auto Repair on september 20, with the rented vehicle. On that date, the Yeck's Auto Repair employee responsible for renting Rent 4 Less vehicles orally agreed to allow sosnowski to keep the vehicle for another day. sosnowski argues that this oral agreement is not sufficient to serve as the basis for a conviction under § 28-511(4).
Although we agree with sosnowski that the undisputed evidence demonstrates that she returned with the vehicle on the date specified in the lease, we decline to determine whether the oral extension constituted a new agreement entirely, such that her possession of the vehicle was not pursuant to a written rental agreement, or constituted merely an amendment to the existing written rental agreement. We similarly decline to address the issues of whether the written rental agreement could properly be extended orally or whether such extension was impermissible because of the written agreement's containing language specifying that all changes had to be in writing, or the legal ramifications raised by such issue.
[2] Even assuming for the sake of argument that we conclude the evidence was sufficient legally to establish that sosnowski possessed the vehicle pursuant to a written rental agreement, an issue we expressly do not decide, we conclude that the written rental agreement itself was insufficient to satisfy the requirements of § 28-511(4) because it did not specify the place for the return of the vehicle. As noted above, § 28-511(4) specifcally requires that the written rental agreement specify "the time and place for the return of the vehicle."
[3-5] Statutory interpretation presents a question of law. State v. Mastne, 15 Neb. App. 280, 725 N.W.2d 862 (2006). When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. Id. In the absence of ambiguity, courts must give effect to the statutes as they are written. Id. If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. Id. statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. Id.
It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. Id. In construing a statute, a court must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. Id. Likewise, it is not for the courts to supply missing words or sentences to a statute to make clear that which is indefinite, or to supply that which is not there. Id.
Because § 28-511(4) specifically requires that the written rental agreement forming the basis of sosnowski's prosecution must specify the time and place for the return of the vehicle, the evidence adduced by the state must demonstrate that the agreement specified the place for the return of the vehicle. It does not. A review of the written rental agreement makes it clear that there is no reference to Yeck's Auto Repair, the place where the vehicle was to be returned. There is no address for Yeck's Auto Repair. There is no address for any of the three rental locations for Rent 4 Less. The rental agreement itself indicates that the vehicle is considered "embezzled" if not returned to "the above location," but does not include any "above location."
The only address included on the written rental agreement is the corporate address for Rent 4 Less. Despite the state's reliance on appeal on that address as sufficient to satisfy § 28-511(4), that address is not the place to which the vehicle was to be returned. Indeed, the undisputed evidence at trial was that vehicles cannot be returned to that location.
We do not accept the state's assertion on appeal that sosnowski knew where the vehicle was to be returned. section 28-511(4) requires that the written rental agreement specify the place for the return of the vehicle, not that sosnowski know or be aware of such location. To construe the plain and unambiguous language of § 28-511(4) as being satisfied if the renter "knows" where the vehicle is to be returned would be to write additional language into the statute that could easily have been included had the Legislature so intended.
As it is, the evidence presented indicates that the closest the written rental agreement comes to specifying the place for the return of the vehicle is that the top of the agreement includes "Rent 4 Less" on one line; "Omaha, Nebraska," on another line; and a telephone number on a third line. Rent 4 Less has corporate offices in Omaha. Rent 4 Less has three different locations in the metropolitan area from which vehicles are rented. The specific location from which sosnowski rented, however, is not in Omaha; Yeck's Auto Repair is in Bellevue. As such, there is nothing anywhere on the written rental agreement to indicate that the vehicle was to be returned to the Bellevue location or where in "Omaha" the vehicle could be returned. For this reason, the written agreement failed to satisfy the plain language of § 28-511(4).
Because the state failed to adduce sufficient evidence to prove one of the necessary statutory elements of the crime with which sosnowski was charged, the district court erred in finding sufficient evidence to support the conviction and in overruling sosnowski's motion for directed verdict. We do not suggest that sosnowski was free of wrongdoing in this case, because the vehicle was not timely returned. Nonetheless, sosnowski was charged with a specific crime which required specific statutory elements be proven, and the state failed to prove all of the elements. Accordingly, we reverse the judgment against sosnowski.

2. EXCESSIVE SENTENCE
Our disposition of the sufficiency of the evidence issue in this case makes it unnecessary for us to further address the alleged excessiveness of the sentence.

V. CONCLUSION
We find the evidence was insufficient to prove a necessary element of § 28-511(4). We reverse the judgment against sosnowski.
Reversed.