IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. VALDEZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MOLLEIGH VALDEZ, APPELLANT.

Filed April 5, 2016.    No. A-15-818.

Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed in part as modified, and in part reversed and vacated.

Jon Worthman for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and INBODY and BISHOP, Judges.

INBODY, Judge.

### INTRODUCTION

Molleigh Valdez appeals the sentence imposed following her plea-based conviction of third degree sexual assault of a child. She also contends the district court erred by finding that the offense was aggravated without a hearing or receiving evidence of the same and requiring her to register as a sex offender for life.

### STATEMENT OF FACTS

Valdez was charged with first degree sexual assault of a minor, a Class II felony. See Neb. Rev. Stat. § 28-319(1)(c) (Reissue 2008). Pursuant to a plea agreement, Valdez pled no contest to third degree sexual assault of a child, a Class IIIA felony. See Neb. Rev. Stat § 28-320.01 (Reissue 2008). Also as part of the plea agreement, the State agreed to stand silent at sentencing.

- 1 -

The factual basis provided by the State set forth that on November 15, 2014, the Scottsbluff Police Department was contacted by the mother of the 14-year-old victim who reported that the victim was in an inappropriate relationship with the 23-year-old Valdez. During her initial interview, the victim initially said that nothing happened between her and Valdez except kissing, but during a subsequent interview, the victim admitted that more than just kissing occurred. The victim reported that Valdez came to the victim's house after drinking at a bar with the victim's mother, after which Valdez and the victim were lying on the bed in the victim's bedroom and Valdez put her fingers inside the victim's vagina. The victim's mother also gave police the victim's cell phone which contained a series of text messages between Valdez and the victim in which the two stated that they loved each other; talked about dating; discussed what happened "that night" including that was the first time that someone had done "that" to the victim and when asked if it was weird, the victim responded "not really." The texts also included expressions from Valdez that they did not have to do things if the victim was not ready, to which the victim replied that she was "just scared" and Valdez replied that they could move slow. After that, there is a text from Valdez asking the victim to erase all their texts. The victim's date of birth is May 4, 2000, and Valdez' date of birth is April 22, 1991.

After the factual basis was recited, the district court advised Valdez of the rights she would be waiving and the potential penalties, including the fact that Valdez would be required to register as a sex offender. Valdez indicated that she understood and proceeded with her plea of no contest. The district court then accepted Valdez' plea. Following the preparation of a presentence investigation report, a sentencing hearing was held on September 3, 2015, and the court sentenced Valdez to a period of 4 years and 11 months' to 5 years' imprisonment with credit for 209 days served. The court further found that the offense was an aggravated offense and ordered Valdez to register as a sex offender for life. The court stated:

> I do find in this case, based on the record that this is an aggravated offense, there was penetration of the victim. There is no indication in any of the information I have here in the record that this was with . . . consent of the victim.

> The statute is kind of interesting, they talk about someone over the age of 13 and then whether the conduct was with their consent or not. From a legal standpoint a 13-year-old cannot consent or concede to that sexual conduct. But, I think what the legislature is getting at is there any indication that the victim consented to the behavior of the defendant and I don't see that consent here. So I find this is an aggravated offense. And, what that means is that the defendant has to register under the Sex Offender Registration Act through the duration of her life.

We specifically note that the court did not order Valdez, as part of her sentence, to be subject to lifetime community supervision under Neb. Rev. Stat. § 83-174.03 (Cum. Supp. 2014).

## ASSIGNMENTS OF ERROR

Valdez contends that the sentence imposed was excessive and the district court abused its discretion by finding that the offense was aggravated without a hearing or the receipt of evidence.

ANALYSIS

*Excessive Sentence.*

Valdez contends that the sentence imposed upon her was excessive. She contends that a sentence of probation would have been appropriate.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Cullen*, 292 Neb. 30, 870 N.W.2d 784 (2015). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Rieger*, 286 Neb. 788, 839 N.W.2d 282 (2013). It is within the discretion of the trial court whether to impose probation or incarceration. *Id.*

Valdez' sentence of 4 years and 11 months' to 5 years' imprisonment is within the statutory sentencing range for Class IIIA felonies which, at the time of the commission of the offense, were punishable by up to 5 years' imprisonment and/or a $10,000 fine. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Further, Valdez benefitted from the plea agreement in which she avoided conviction of a Class II felony punishable by 1 to 50 years' imprisonment. *Id.*

At the time of the preparation of the presentence investigation report, Valdez was 24 years old, single, and had earned a GED. She was placed on probation as a juvenile, but that probation was revoked. As an adult, Valdez was convicted of attempted possession of a controlled substance, driving under suspension, and various other driving offenses. At the sentencing hearing, the district court noted that Valdez has shown no remorse and accepted no responsibility. The court further found that probation was not likely to succeed, the risk was substantial that Valdez would engage in additional criminal conduct, and probation would not be appropriate.

Based upon the facts that the sentence imposed was within the statutory sentencing range, Valdez had probation revoked as a juvenile, her lack of remorse, and the seriousness of the offense, we cannot say that the sentence imposed by the district court was an abuse of discretion.

*Finding of Aggravated Offense.*

Valdez also contends that the district court abused its discretion by finding that the offense was aggravated without a hearing or the receipt of evidence and requiring her to register as a sex offender for life.

We note that in its brief, the State concedes the position that Valdez was entitled to have a jury decide whether the offense was "aggravated" as set forth in *State v. Payan*, 277 Neb. 663, 765 N.W.2d 192 (2009), and *State v. Alfredson*, 282 Neb. 476, 804 N.W.2d 153 (2011), and she was not afforded an opportunity to either exercise or waive that right. Brief of appellee at 7. Thus, the State has requested that this Court reverse and remand the case to the district court for purposes of properly determining whether the offense was "aggravated" for purposes of the lifetime community supervision requirement under Neb. Rev. Stat. § 83-174.03 (Cum. Supp. 2014). Brief for appellee at 12.

In *State v. Payan, supra*, a jury found the defendant guilty of first degree sexual assault and false imprisonment. The trial judge found that the sexual assault conviction constituted an

"aggravated offense" as defined by the Sex Offender Registration Act (SORA) and that Payan was subject to the lifetime registration requirement of SORA and the lifetime community supervision requirement pursuant to § 83-174.03. The Nebraska Supreme Court determined that the imposition of lifetime community supervision pursuant to § 83-174.03 is akin to parole and, as a result, is an additional form of punishment for certain sex offenders. *Id*. at 675, 765 N.W.2d at 203. "Where the facts necessary to establish an aggravated offense as defined by SORA are not specifically included in the elements of the offense of which the defendant is convicted, such facts must be specifically found by the jury in order to impose lifetime community supervision under § 83-184.03 as a term of the sentence." *State v. Payan*, 277 Neb. at 675-76, 765 N.W.2d at 204. However, if the finding of an aggravated offense is utilized only to impose the nonpunitive lifetime registration requirements of SORA, then the finding need not be made by a jury. *Id*. at 676, 765 N.W.2d at 204.

In *State v. Alfredson, supra*, the defendant was convicted by a jury of first degree sexual assault and second degree false imprisonment. At sentencing, the court determined that the defendant was subject to the lifetime registration requirements of SORA and also determined that the defendant had committed an "aggravated offense" which further subjected him to lifetime community supervision. The Nebraska Supreme Court noted that because lifetime community supervision is an additional form of punishment, a jury, rather than a trial court, must make a specific finding concerning the facts necessary to establish an "aggravated offense" where such facts are not specifically included in the elements of the offense of which the defendant is convicted. Further, because such error was not harmless error in the case, the cause had to be remanded to the district court for an evidentiary hearing for a jury to determine whether the defendant had committed an "aggravated offense" and was subject to lifetime community supervision. The Nebraska Supreme Court affirmed the defendant's convictions and sentences including the requirement that the defendant was subject to lifetime registration pursuant to SORA.

In the instant case, the district court did not include in Valdez' sentence a provision that she was subject to lifetime community supervision. The court only found that Valdez was subject to the lifetime reporting requirements of SORA. These are two entirely separate requirements and the finding of an aggravated offense need not be made by a jury if utilized only to impose the nonpunitive lifetime registration requirements of SORA. *State v. Payan, supra*. Thus, it is entirely proper for a trial judge to determine that a defendant committed an aggravated offense for the purposes of the lifetime registration requirement provisions of SORA, because those provisions are civil in nature. *Id*. See *State v. Worm,* 268 Neb. 74, 680 N.W.2d 151 (2004) (trial court is permitted to make such a finding for the purposes of the lifetime registration requirement because such requirement is not punitive). As such, it was proper for the trial court to make a determination whether Valdez committed an aggravated offense for the purposes of the lifetime registration requirement provisions of SORA.

Having established the legal framework for our analysis, we now consider whether the trial court's determination that Valdez' offense was an aggravated offense requiring lifetime registration under SORA was correct. The factual basis for lifetime SORA registration comes from the information contained in the record including the factual basis recited at the time of a

plea-based conviction and information contained in the PSR. *State v. Hamilton*, 277 Neb. 593, 763 N.W.2d 731 (2009).

At the time of Valdez' offense and trial, Neb. Rev. Stat. § 29-4001.01(1)(a) (Cum. Supp. 2014) defined "aggravated offense" for the purposes of SORA as charged in the instant case as "any registrable offense under section 29-4003 which involves the penetration of, direct genital touching of, oral to anal contact with, or oral to genital contact with . . . a victim age thirteen years or older without the consent of the victim." Valdez pled no contest to third degree sexual assault of a child in violation of § 28-320.01, which is a registrable offense under § 29-4003. The factual basis provided by the State set forth that the victim reported that Valdez digitally penetrated her vagina with her fingers and the evidence also clearly established that the victim was 14 years old on the date of the offense.

Since the victim was "thirteen years or older," the remaining issue is whether the penetration occurred "without the consent of the victim." § 29-4001.01(1)(a). "Without consent" is defined in Neb. Rev. Stat. § 28-318(8)(a) (Cum. Supp. 2014) to mean "(i) [t]he victim was compelled to submit due to the use of force or threat of force or coercion, or (ii) the victim expressed a lack of consent through words, or (iii) the victim expressed a lack of consent through conduct, or (iv) the consent, if any was actually given, was the result of the actor's deception as to the identity of the actor or the nature or purpose of the act on the part of the actor." Our review of the record shows that there was no force or threat of force or coercion in this case and the victim did not express a lack of consent through words or conduct. Information contained in the PSR established that after the incident, the victim continued to maintain contact with Valdez, expressed love for her, and never indicated that sexual contact in this case was without her consent. We are not in any way saying that Valdez' conduct was not illegal; it was illegal. Further, pursuant to our criminal laws, children under the age of 16 cannot consent to sexual contact or penetration. See Neb. Rev. Stat. § 28-319(1) (Reissue 2008); Neb. Rev. Stat. § 28-319.01 (Cum. Supp. 2014); Neb. Rev. Stat. § 28-320.01 (Reissue 2008). However, the Legislature has distinguished between Nebraska's criminal laws and the finding of consent for those "thirteen years or older" for the purposes of determination whether an offense was an aggravated offense requiring lifetime registration under SORA. In the instant case, the record does not support a finding that the penetration occurred "without the consent of the victim." Thus, the district court erred in finding that this was an "aggravated offense" for the purposes of SORA and ordering Valdez to submit to lifetime registration under SORA. However, SORA still applies to Valdez' conviction, see § 29-4003(1)(a)(i)(D), and since she was convicted of a registrable offense under § 29-4003 punishable by imprisonment for more than one year, she is subject to a 25-year registration period. See Neb. Rev. Stat. § 29-4005 (1)(b)(ii) (Cum. Supp. 2014).

CONCLUSION

In sum, the sentence imposed upon Valdez was not an abuse of discretion and is affirmed. However, the district court erred in finding that Valdez' offense was an "aggravated offense" for the purposes of SORA and ordering her to submit to lifetime registration under SORA and we reverse and vacate this requirement of the court's order. However, SORA does still apply to

Valdez' conviction and we modify the district court's order to provide that Valdez must submit to a 25-year registration period under SORA.

AFFIRMED IN PART AS MODIFIED, AND
IN PART REVERSED AND VACATED.