Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/06/2018 08:13 AM CST

STATE OF NEBRASKA, APPELLEE, V.
PATRICK KRESHA, APPELLANT.
___ N.W.2d ___

Filed February 13, 2018.    No. A-17-525.

1. **Statutes: Judgments: Appeal and Error.** Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court.

2. **Sentences: Appeal and Error.** An appellate court will not disturb sentences that are within statutory limits, unless the district court abused its discretion in establishing the sentences.

3. **Convicted Sex Offender: Sentences.** Any sex offender convicted of a registrable offense under Neb. Rev. Stat. § 29-4003 (Reissue 2016) punishable by imprisonment for more than 1 year and convicted of an aggravated offense shall register on the sex offender registry for life.

4. **Convicted Sex Offender.** An aggravated offense for purposes of the Sex Offender Registration Act means any registrable offense under Neb. Rev. Stat. § 29-4003 (Reissue 2016) which involves the direct genital touching of (1) a victim age 13 years or older without the consent of the victim, (2) a victim under the age of 13 years, or (3) a victim who the sex offender knew or should have known was mentally or physically incapable of resisting or appraising the nature of his or her conduct.

5. **Convicted Sex Offender: Words and Phrases.** The definitions of sexual conduct under Nebraska law and federal law make a distinction between the direct touching of a victim's private parts and the touching of the clothing covering the victim's private parts.

6. ____: ____. The term "direct genital touching" for purposes of finding an aggravated offense under the Sex Offender Registration Act requires evidence that the actor touched the victim's genitals under the victim's clothing.

7. **Sentences.** When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. The sentencing court is not limited to any mathematically applied set of factors.

8. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeal from the District Court for Polk County: Rachel A. Daugherty, Judge. Affirmed as modified.

Timothy P. Matas for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Pirtle, Riedmann, and Arterburn, Judges.

Riedmann, Judge.

## INTRODUCTION

Patrick Kresha appeals his plea-based convictions of two counts of third degree sexual assault of a child and two counts of third degree sexual assault. He claims that the district court erred in imposing excessive sentences and in determining that he was subject to lifetime registration under Nebraska's Sex Offender Registration Act (SORA), Neb. Rev. Stat. §§ 29-4001 to 29-4014 (Reissue 2016). We conclude that the court erred in finding that Kresha committed an aggravated offense for purposes of SORA and therefore modify the sentencing order to require that he instead register as a sex offender for 25 years. We otherwise affirm.

## BACKGROUND

Kresha pled no contest to an amended information charging him with two counts of third degree sexual assault of a

child and two counts of third degree sexual assault. According to the factual basis provided by the State at the plea hearing, on or about August 17, 2010, and May 18, 2011, Kresha, who was born in 1962, went into the bedroom of M.K., who was born in 1998, while M.K. was sleeping and touched her genitalia for the purpose of his own sexual gratification. Similarly, between January 1, 2010, and December 31, 2012, Kresha touched the breast and buttocks of J.G., who was born in 1998, for the purpose of his own sexual gratification. In addition, between January 1, 2010, and May 6, 2013, Kresha subjected E.S., who was born in 1996, and A.G., who was born in 1995, to sexual contact without their consent. All of the events occurred in Polk County, Nebraska.

The district court accepted Kresha's pleas and found him guilty. He was sentenced to consecutive terms of imprisonment of 5 to 5 years, 5 to 5 years, 1 to 1 year, and 1 to 1 year. At the sentencing hearing, the court also determined that Kresha had committed an "aggravated offense" as defined in SORA and that he would therefore be required to register on Nebraska's sex offender registry for life. Kresha now appeals to this court.

## ASSIGNMENTS OF ERROR

Kresha assigns, restated and renumbered, that the district court erred (1) in determining that his offenses were aggravated offenses for purposes of the lifetime registration requirement of SORA and (2) in imposing excessive sentences that constituted an abuse of discretion.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *State v. Hamilton*, 277 Neb. 593, 763 N.W.2d 731 (2009).

[2] An appellate court will not disturb sentences that are within statutory limits, unless the district court abused its

discretion in establishing the sentences. *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015).

## ANALYSIS

*Aggravated Offense Under SORA.*

[3,4] Pertinent to this case, any sex offender convicted of a registrable offense under § 29-4003 punishable by imprisonment for more than 1 year and convicted of an aggravated offense shall register on the sex offender registry for life. See § 29-4005(1)(b)(iii). For purposes of SORA and as relevant to this case, the term "aggravated offense" means any registrable offense under § 29-4003 which involves the "direct genital touching" of (1) a victim age 13 years or older without the consent of the victim, (2) a victim under the age of 13 years, or (3) a victim who the sex offender knew or should have known was mentally or physically incapable of resisting or appraising the nature of his or her conduct. § 29-4001.01(1). The registrable offenses under § 29-4003 include third degree sexual assault of a child, but SORA does not define "direct genital touching."

Kresha asserts that "direct genital touching" requires the touching of the victim's genitals under the clothing. He argues that there is no evidence in the record to support a finding of any touching which occurred under the clothing and that therefore, the court erred in finding that the offense was an aggravated offense subject to lifetime registration. The State agrees that there is no evidence of genital touching under the clothing regarding the two counts of third degree sexual assault of a child; thus, the State concedes that the court erred in finding the offenses to be aggravated.

[5] We agree with the parties that "direct genital touching" is not defined under Nebraska law. The term "sexual contact" is defined under Nebraska law and provides in part:

> Sexual contact means the intentional touching of the victim's sexual or intimate parts or the intentional touching of the victim's clothing covering the immediate area of

the victim's sexual or intimate parts. Sexual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor.

Neb. Rev. Stat. § 28-318(5) (Reissue 2016). Similarly, the term "sexual contact" is defined under federal law as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3) (2012). Thus, these definitions make a distinction between the direct touching of a victim's private parts and the touching of the clothing covering the victim's private parts.

[6] Likewise, the term "sexual act" is defined under federal law to include "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." § 2246(2)(D). And this definition has been summarized as "the direct touching of genitals with certain sexual or abusive intents." *U.S. v. White*, 782 F.3d 1118, 1137 (10th Cir. 2015). See, also, *U.S. v. Jennings*, 496 F.3d 344 (4th Cir. 2007) (direct touching under definition of sexual act in § 2246(2) means touching of victim's unclothed private parts). We also note that the federal law's definition of "sexually explicit conduct" makes a distinction between direct touching and touching through clothing. See 18 U.S.C. § 3509(a)(9)(A) (2012). Based on the foregoing, we conclude that the term "direct genital touching" for purposes of finding an aggravated offense under SORA requires evidence that the actor touched the victim's genitals under the victim's clothing.

For purposes of lifetime registration under SORA, the defendant must have been convicted of a crime that is a

registrable offense and punishable by more than 1 year in prison. Thus, in the present case, only the convictions for third degree sexual assault of a child could constitute aggravated offenses. We concur with the parties that there is no evidence in the record of direct genital touching.

The record establishes that Kresha touched J.G.'s breasts and buttocks, which does not constitute genital touching, and that he touched M.K.'s vaginal area over her clothing. Therefore, the evidence is insufficient to support a finding of direct genital touching for purposes of an aggravated offense under SORA. Accordingly, the district court erred in finding that Kresha was required to register for life. Instead, he is required to register for 25 years. See § 29-4005. We therefore modify the sentencing order to require that Kresha register for 25 years rather than life.

*Excessive Sentences.*

Kresha also asserts that the sentences imposed by the district court are excessive and constitute an abuse of discretion. We disagree.

Third degree sexual assault of a child is a Class IIIA felony. Neb. Rev. Stat. § 28-320.01 (Reissue 2016). At the time of Kresha's offenses, this offense was punishable by a maximum of 5 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Reissue 2008). Third degree sexual assault is a Class I misdemeanor, which carries a punishment of up to 1 year's imprisonment. See Neb. Rev. Stat. §§ 28-320 and 28-106 (Reissue 2008). Thus, Kresha's sentences fall within the statutory limits. Nevertheless, he argues that they are excessive because the district court relied heavily on the nature and circumstances of the offenses when there were other factors that should have mitigated his sentences.

An appellate court will not disturb sentences that are within statutory limits, unless the district court abused its discretion in establishing the sentences. *State v. Dominguez*, 290 Neb. 477, 860 N.W.2d 732 (2015).

[7,8] When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id*. The sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the sentencing hearing, the court made clear that it considered the required factors as well as the information contained in the presentence investigation report. We recognize that there were mitigating factors present here, including Kresha's lack of a significant criminal history, his employment record and ties to the community, and the lack of violence in the offenses. However, as the district court emphasized, the circumstances of the offenses support a more significant sentence. Kresha victimized four teenage girls, one of whom was his own daughter. There were letters in the presentence investigation report from each victim detailing the impact Kresha's actions have had on their lives, and two of the victims spoke at sentencing.

The court emphasized the effect Kresha has had on all of his victims, and most importantly, his own daughter with whom he violated the core of the parent-child relationship. The court opined that had the victims not reported his actions, he would have continued to victimize young women. The court explained its responsibility to look out for the welfare of those who cannot look out for themselves, which, in this case, is Kresha's own daughter and her teenage friends. It therefore found that probation was not appropriate. Similarly, the probation officer who conducted the presentence investigation opined that probation was not appropriate and recommended

a sentence of incarceration, because Kresha took advantage of his daughter's friends for his own sexual gratification. Based on the record before us, we cannot conclude that the district court abused its discretion in the sentences imposed.

## CONCLUSION

We conclude that the district court erred in finding evidence in the record of direct genital touching for purposes of lifetime registration pursuant to SORA. We therefore modify the sentencing order to require that Kresha register for 25 years. Finding that Kresha's sentences are not excessive, we otherwise affirm his convictions and sentences.

Affirmed as modified.