IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. MITCHELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JASON C. MITCHELL, APPELLANT.

Filed June 8, 2021.    No. A-21-062.

Appeal from the District Court for York County: JAMES C. STECKER, Judge. Affirmed.

Jerry D. Clinch, of Fillman Law Offices, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, MOORE and BISHOP, Judges.

RIEDMANN, Judge.

INTRODUCTION

Appellant, Jason C. Mitchell, appeals his plea-based conviction in the district court for York County, asserting that the district court abused its discretion during the sentencing phase of the case. We affirm.

STATEMENT OF FACTS

On September 15, 2019, Mitchell picked up the victim from her residence at approximately 1 a.m. Once she entered his vehicle, Mitchell grabbed her hair and forced her head between the seats to prevent her from seeing where they were going. Mitchell then struck her on the face with an unidentified object, at which point the victim grabbed the steering wheel. Mitchell bit her left index finger as she tried to free herself from his grasp. Mitchell then forced the victim out of his vehicle, leaving her on an unknown country road alone. After a short time, Mitchell returned and demanded that the victim enter his vehicle. Mitchell then drove to a parking lot where he digitally

- 1 -

penetrated her vagina and rectum, causing severe pain. Mitchell then began to drive and did not allow the victim to exit the vehicle until he dropped her off at her home at approximately 6 a.m.

Mitchell was originally charged with one count of sexual assault and one count of third degree domestic assault. Pursuant to a plea agreement, the State amended count I to attempted first degree sexual assault and dismissed count II. Mitchell pled no contest, and the court accepted his plea, and found him guilty of attempted first degree sexual assault. At the plea hearing on September 24, 2020, Mitchell's attorney requested that the sentencing hearing be delayed so that Mitchell could move into a residence that offers a treatment program, although he was not yet enrolled at that time. His attorney asked that he have sufficient time to allow him to complete whichever treatment program accepted him. The court agreed and furloughed Mitchell effective September 26 to begin treatment at the Siena Francis House. It scheduled sentencing for December 28.

Mitchell filed a motion to continue sentencing on December 23, 2020. In the motion, Mitchell claimed he was still in the process of obtaining treatment, had been quarantined for exposure to and a positive test for COVID-19, and had been unable to start treatment due to not having the requisite recommendations from the evaluations he had undergone as part of his furlough. At the sentencing hearing on December 28, the court denied the motion to continue, expressing frustration that no treatment was started prior to Mitchell's COVID-19 diagnosis.

The court sentenced Mitchell to 12 to 16 years' incarceration with credit for 281 days' time served. The court also found the crime to be an aggravated offense and required Mitchell to register for life under the Nebraska Sex Offender Registration Act (SORA). Mitchell appeals.

ASSIGNMENTS OF ERROR

Restated, Mitchell assigns that the district court abused its discretion by (1) denying his motion to continue sentencing; (2) imposing an excessive sentence; and (3) determining his offense was aggravated, thereby requiring lifetime registration under SORA.

STANDARD OF REVIEW

A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

A trial court's factual determination that a defendant's crime was an aggravated offense under SORA is reviewed as a question of the sufficiency of the evidence. *State v. Wilson*, 306 Neb. 875, 947 N.W.2d 704 (2020).

ANALYSIS

*Motion to Continue Sentencing.*

Mitchell argues that the district court abused its discretion by denying his motion to continue sentencing. He alleges that after a court-granted furlough to obtain treatment before

sentencing, he made reasonable efforts to obtain treatment but could not do so due to circumstances beyond his control. He also claims that the denial of his motion prejudiced him, as shown by his sentence and the court's "effectively denying [Mitchell] the opportunity to obtain the treatment for which he was furloughed by the trial court to receive." Brief for appellant at 8. We find no abuse of discretion in the court's refusal to grant the continuance.

A court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial. *State v. Baxter, supra*. Where the criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion. *Id.*

At the sentencing hearing, Mitchell's attorney explained that Mitchell had been residing at the Siena Francis House per the court's furlough order but claimed Mitchell struggled to begin treatment. Included in the presentence investigation report (PSR) were documents indicating that Mitchell arrived at the Siena Francis House on September 26, 2020, and had contacted a counseling service on October 27 about his need to complete a substance abuse evaluation and a psychosexual evaluation. Mitchell had tested positive for COVID-19 and had been quarantined for approximately three weeks in November. His attorney received an email on December 27 from the counseling service indicating it would send Mitchell's evaluations by January 1, 2021.

Regardless, from the date of his furlough on September 26, 2020, until the December 28 sentencing, Mitchell did not participate in any treatment program, despite that being the reason for his furlough. He arrived at the Siena Francis House on September 26, but the record contains no information that he began any program with them. He first contacted a counseling service on October 27 to schedule a substance abuse and psychosexual evaluation. As noted by the State at sentencing, Mitchell had "not taken any affirmative steps . . . to receive any type of treatment, whether it's AA meetings, NA meetings, speaking to a priest, speaking to any -- a preacher, anybody." While we recognize that Mitchell was quarantined for a good portion of November, the record does not explain the one month delay between his arrival at the Siena Francis House and his initial request for an evaluation. As to that delay, no evidence was presented to support a conclusion that obtaining such treatment was beyond his control. See *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017). Therefore, we find no abuse of discretion.

Additionally, there is no indication that Mitchell was prejudiced by the court's denial of his motion to continue. Based on the PSR, the details of the crime, Mitchell's criminal history, and his failure to take responsibility for his actions in the commission of the crime, there is no evidence that Mitchell would have received a lesser sentence had he been granted a continuance and received treatment prior to sentencing.

Thus, we find no abuse of discretion in the court's denial of Mitchell's motion to continue.

*Excessive Sentence.*

Mitchell does not dispute that his sentence was within the prescribed statutory limitations; however, he contends that the district court abused its discretion by failing to adequately consider his education, social background, and criminal history. We disagree.

Mitchell pled no contest to and was convicted of one count of attempted first degree sexual assault of an adult, a Class IIA felony. Neb. Rev. Stat. §§ 28-201 (Cum. Supp. 2020) and 28-319

(Reissue 2016). He was sentenced to 12 to 16 years' incarceration with 281 days' credit for time served. Because Mitchell's sentence was within the prescribed statutory limitations, we review for abuse of discretion by the district court.

The law governing review of criminal sentences is well settled. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *Id.* In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019).

The Level of Service/Case Management Inventory (LS/CMI) indicated that Mitchell's education/employment put him at high risk of recidivism. Mitchell was 39 years old, had dropped out of high school in the 11th grade, and had completed his GED at the time of sentencing. He had completed 1.5 years of a computerized drafting program at a community college but stopped when he no longer had the funds to continue. The PSR specifically states that Mitchell does not suffer from learning disabilities.

Regarding Mitchell's social background, the LS/CMI indicated his antisocial pattern put him at a very high risk of recidivism, his procriminal attitude/orientation and family/marital status at a high risk of recidivism, and his companions at a medium risk of recidivism. Mitchell was assessed at the "problem risk" range of the Substance Abuse Questionnaire because of his early and diverse antisocial behavior, his minimization of his actions in the present case, and unfavorable attitude toward convention. He also has financial struggles, is homeless, has no living parents, and has few anti-criminal friends. His closest friends are three ex-girlfriends. Mitchell admits to not associating with people his own age and primarily communicates with others online or via texting. Mitchell's father was an alcoholic, as is Mitchell's sister, who lives in York and does not have a positive relationship with Mitchell. Mitchell is legally separated from his wife, and he does not know where she is. He has four biological children. He has not had contact with the three youngest since 2010, and he only recently began contacting his eldest daughter, whose mother would not let them communicate due to Mitchell's drug use.

The LS/CMI indicated that Mitchell was at high risk for recidivism based on his criminal history. His criminal history included four traffic-related convictions, along with third degree assault, trespassing, two counts of injuring or destroying the property of another, making a false statement to a police officer, drug-related charges, aiding and abetting a Class IV felony, tampering with physical evidence, committing intentional child abuse, violating a protection order, and criminal mischief. The LS/CMI indicated that one of the assaults involved Mitchell slapping his girlfriend hard enough to cause her ear drum to rupture. As a teenager, he had been placed in a youth rehabilitation and treatment facility, and as an adult, he had been jailed three separate times and imprisoned once prior to sentencing for the current case.

More information about the incident at issue was given in the LS/CMI. Mitchell stated he was arguing with the victim, who was his former girlfriend, as she accused him of lying, cheating, and stealing. Mitchell admitted that at the time he was on medication and combined that with alcohol, marijuana, and methamphetamine. In the course of the argument, according to Mitchell, the victim admitted to cheating on Mitchell, which angered him. The two began slapping each other, followed by the victim punching Mitchell, who then began strangling the victim. Mitchell stated in the LS/CMI that he knew he was "definitely in the wrong" and wished he had never met the victim.

At sentencing, the court made it clear that it read and considered the contents of the PSR. The court noted Mitchell's age and education, the victim's status as Mitchell's ex-girlfriend, the LS/CMI's findings, his risk for future violent behavior, his failure to take responsibility for his actions in the incident, the violent nature of the offense, and his prior convictions. Thus, when considering all the information contained in the PSR as well as the violent nature of the offense, the court found that Mitchell was not fit as a candidate for probation and that a lesser sentence would depreciate the seriousness of the crime and would promote disrespect for the law. It found that incarceration was necessary for the public's protection, that Mitchell would likely engage in additional criminal conduct should he be placed on probation, and that there was no reason to excuse or justify the offense.

Therefore, because the court considered all the required factors under *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019), and stayed within the prescribed statutory limitations, we find no abuse of discretion as to Mitchell's sentence.

*Registration under SORA*.

Mitchell argues the district court erred in finding his offense was aggravated, thereby requiring him to register for his lifetime under SORA. Mitchell specifically asserts that the district court abused its discretion by failing to explicitly indicate what it considered in making its determination. We find this argument to be without merit.

The applicable section of the Nebraska Sex Offender Registration Act, Neb. Rev. Stat. §§ 29-4001 to 29-4014 (Reissue 2016), defines "aggravated offense" as any registrable offense under § 29-4003 which involves the penetration of, direct genital touching of, oral to anal contact with, or oral to genital contact with a victim age 13 years or older without the consent of the victim. § 29-4001.01. A sentencing judge need not consider only the elements of an offense in determining whether an aggravated offense as defined in § 29-4001.01 has been committed. *State v. Hamilton*, 277 Neb. 593, 763 N.W.2d 731 (2009). Instead, the court may make this determination based upon information contained in the record, including the factual basis for a plea-based conviction and information contained in the PSR. *Id.*

Mitchell argues that because the court did not specifically iterate what it considered in finding the offense to be aggravated, the court abused its discretion; however, the court indicated at sentencing that it had reviewed the information contained in the record, the factual basis of the plea agreement, and the contents of the PSR. There is no indication in the record that the court failed to consider the required factors for an aggravated sentence or for requiring lifetime registration under SORA. See *State v. Hamilton, supra*.

Nonetheless, the district court was not required to explicitly iterate what it considered in finding the offense to be aggravated. In *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019), the defendant argued his sentence was excessive and that the district court abused its discretion by failing to explicitly analyze factors set forth in Neb. Rev. Stat. § 29-2260 (Reissue 2016), thereby depriving him of a just sentence. However, the Nebraska Supreme Court noted that § 29-2260 is "a directive to the trial court as to the factors to be considered in imposing the sentence but that it contains no requirement that the court make specific findings." *State v. Garcia*, 302 Neb. at 440, 923 N.W.2d at 750. Similarly, § 29-4001.01, which defines what constitutes an aggravated offense, does not require the court to state on the record the evidence upon which it relied in reaching the factual finding that the offense was aggravated. Therefore, the absence of such information does not constitute an abuse of discretion.

CONCLUSION

Because we find no abuse of discretion, we affirm the decision of the district court.

AFFIRMED.