IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. GONZALEZ-RAMIREZ


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

ANGEL A. GONZALEZ-RAMIREZ, JR., APPELLANT.


Filed March 17, 2020.    No. A-19-131.


Appeal from the District Court for Douglas County: KIMBERLY M. PANKONIN, Judge. Affirmed.

Michael J. Wilson, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.


PIRTLE, RIEDMANN, and BISHOP, Judges.

PIRTLE, Judge.

### INTRODUCTION

Angel A. Gonzalez-Ramirez, Jr., appeals his conviction and sentence in the district court for Douglas County for possession of a deadly weapon (firearm) by a prohibited person. He contends that his sentence is excessive and that his trial counsel was ineffective. Based on the reasons that follow, we affirm.

### BACKGROUND

The State filed an information charging Gonzalez-Ramirez with: count 1, first degree assault, a Class II felony; count 2, use of a deadly weapon (firearm) to commit a felony, a Class IC felony; and count 3, possession of a deadly weapon (firearm) by a prohibited person, a Class ID felony. The charges arose from Gonzalez-Ramirez' involvement in a shooting that occurred at a bar in Omaha on January 29, 2018. A confrontation arose between an employee of the bar and a

- 1 -

Hispanic male in his mid-20's. A third individual tried to intervene and was shot. He suffered a wound to his left shoulder and lower back. Responding officers identified the shooter as Gonzalez-Ramirez after reviewing video surveillance footage from inside the bar. Gonzalez-Ramirez was subsequently arrested.

Following a jury trial, the jury found Gonzalez-Ramirez not guilty of first degree assault and use of a deadly weapon (firearm) to commit a felony, and guilty of possession of a deadly weapon (firearm) by a prohibited person. The court accepted the verdict and found Gonzalez-Ramirez guilty of the one charge. The court also ordered a presentence investigation.

Following a sentencing hearing, the court sentenced Gonzalez-Ramirez to 22 to 25 years' imprisonment. Gonzalez-Ramirez' trial attorney timely filed a notice of appeal.

## ASSIGNMENTS OF ERROR

Gonzalez-Ramirez assigns that the trial court erred in imposing an excessive sentence. He also assigns that his trial counsel was ineffective in failing to (1) appeal both his conviction and sentence, and (2) adequately investigate and present aspects of his defense during trial.

## STANDARD OF REVIEW

An appellate court will not disturb sentences that are within statutory limits, unless the district court abused its discretion in establishing the sentences. *State v. Kresha*, 25 Neb. App. 543, 909 N.W.2d 93 (2018).

The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question. *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019).

## ANALYSIS

*Excessive Sentence.*

Gonzalez-Ramirez first assigns that the trial court erred in imposing an excessive sentence. Gonzalez-Ramirez was convicted of possession of a deadly weapon (firearm) by a prohibited person, a Class ID felony, in violation of Neb. Rev. Stat. § 28-1206(1)(a) and (3)(b) (Reissue 2016). A Class ID felony is punishable by a mandatory minimum sentence of 3 years' imprisonment and a maximum sentence of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Reissue 2016). The trial court sentenced Gonzalez-Ramirez to 22 to 25 years' imprisonment, which is well within the statutory limits. Therefore, the sentence will not be disturbed unless the district court abused its discretion in establishing the sentence. See *State v. Kresha, supra*.

When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id.* The sentencing court is not limited to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Gonzalez-Ramirez contends that the trial court abused its discretion by placing too much weight on the seriousness of the offense and his criminal history, and failing to sufficiently weigh several mitigating factors such as his young age, his efforts to further his education, and his amenability to rehabilitation.

At the time of the offense, Gonzalez-Ramirez was 22 years old. Despite his relatively young age, he had many contacts with law enforcement, the first of which occurred when he was 13 years' old. His criminal history includes multiple juvenile offenses, many of which were dismissed. He was adjudicated as a juvenile in two separate cases for possession of drug paraphernalia, obstructing a peace officer, and cocaine possession, and placed at the Youth Rehabilitation and Treatment Center. Gonzalez-Ramirez reported that he was there for six months before he was paroled to the Office of Juvenile Services and subsequently completed juvenile parole supervision.

As an adult, Gonzalez-Ramirez has been convicted of obstructing a peace officer, disorderly conduct, terroristic threats (reduced from robbery), and theft by unlawful taking, $500-$1,500. The terroristic threats charge involved the use of a gun to assault and intimidate the victim. Gonzalez-Ramirez successfully completed parole supervision for the last two crimes in July 2017. The present crime was committed in January 2018. The presentence investigation notes that his criminal history demonstrates an escalating pattern of behavior.

On the Level of Service/Case Management Inventory (LS/CMI), Gonzalez-Ramirez scored a total of 37 points, indicating the risk is very high that he will reoffend.

The court stated that in determining the sentence to be imposed, it took into consideration the information and argument presented at the sentencing hearing and at trial, as well as the information in the presentence investigation. The court also stated that it considered Gonzalez-Ramirez' age, mentality, education, experience, background, past criminal record, nature of the offense, and motivation for the offense. The court further noted Gonzalez-Ramirez' LS/CMI score of 37, and that he was previously charged with robbery, which was amended to terroristic threats and involved a weapon, and theft by unlawful taking. The court stated that although Gonzalez-Ramirez completed parole supervision in July 2017 for these crimes, it was roughly only six months later that he was involved in the incident that led to the current conviction.

Based on the record before us, the trial court considered appropriate sentencing factors. There is no indication that the trial court considered any inappropriate or improper factors in determining Gonzalez-Ramirez' sentence. As a result, the sentence imposed does not constitute an abuse of discretion and is not excessive.

*Ineffective Assistance of Counsel.*

Gonzalez-Ramirez next assigns that his trial counsel provided ineffective assistance. Gonzalez-Ramirez' trial counsel was different from his appellate counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it

can be resolved. The determining factor is whether the record is sufficient to adequately review the question. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Munoz, supra.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Gonzalez-Ramirez first alleges that his trial counsel was ineffective because he failed to appeal both the conviction and sentence. Gonzalez-Ramirez contends that trial counsel only filed a notice of appeal in regard to Gonzalez-Ramirez' sentence and not his conviction, and that he contemporaneously failed to file a request to produce a bill of exceptions that included the jury trial proceedings, thereby prohibiting him from raising trial errors on appeal.

We first address the notice of appeal. Gonzalez-Ramirez claims that the notice of appeal limited his appeal to only issues related to sentencing, and that he could not raise any errors related to trial. The notice of appeal filed by trial counsel stated that Gonzalez-Ramirez was giving notice of his intent to appeal "the District Court's Sentencing Order dated January 10th, 2019, and filed with the Clerk of the District Court on January 10th, 2019."

Gonzalez-Ramirez contends that because the notice of appeal only stated he was appealing the sentencing order, it was not sufficient to give notice of appeal of his conviction. We disagree. To create finality in a criminal case, it is necessary that there be a judgment of conviction, followed by a sentence. See *State v. Foster*, 239 Neb. 598, 476 N.W.2d 923 (1991). Thus, for the purpose of appeal in a criminal case, it is the sentence which is the judgment. *Id.*

The sentencing order of January 10, 2019, was the judgment from which Gonzalez-Ramirez could appeal. Gonzalez-Ramirez' notice of appeal indicating his intent to appeal the sentencing order is an appeal of the judgment, and any issues in regard to the trial or the sentence could be raised on direct appeal.

Further, the Nebraska Supreme Court has indicated that the language of the notice of appeal is inconsequential as long as the notice is filed within 30 days and signed by the appellant or his or her attorney of record as required by Neb. Rev. Stat. § 25-1912 (Reissue 2016). See *State v. Canaday*, 263 Neb. 566, 641 N.W.2d 13 (2002) (where court found that notice of appeal that referenced sentencing date, offense, and sentence in some other case did not defeat defendant's right to appeal his conviction and sentence, as it was timely filed and signed by defendant's attorney). Accordingly, we conclude that the language of the notice of appeal did not limit the appeal to only sentencing issues.

Gonzalez-Ramirez next argues that trial counsel's failure to request a bill of exceptions that included the jury trial proceedings prohibited his ability to raise trial errors on appeal. Along

with the notice of appeal, trial counsel filed praecipes for transcript and bill of exceptions. The praecipe for bill of exceptions only requested that the bill of exceptions include the sentencing hearing.

On February 12, 2019, 4 days after filing the notice of appeal and praecipes, Gonzalez-Ramirez' trial counsel moved to withdraw as Gonzalez-Ramirez' attorney. On February 28, the motion was granted and trial counsel was allowed to withdraw. Appellate counsel entered his appearance on May 30.

Ordinarily, Neb. Ct. R. App. P. § 2-105(B)(1)(a) requires an appellant to file a praecipe for a bill of exceptions at the time the notice of appeal is filed. However, the rule also permits later requests for a bill of exceptions with leave of the appellate court for good cause shown, which cause shall not be within a party's reasonable control. Appellate counsel entered his appearance after the notice of appeal and praecipes for transcript and bill of exceptions were filed by trial counsel. After entering his appearance, if Gonzalez-Ramirez wanted to appeal issues from trial, appellate counsel could have sought leave of this court to file a supplemental bill of exceptions to include the trial court proceedings. He would have had good cause to ask leave of this court to request a supplemental bill of exceptions given that he took over the case after the notice of appeal and praecipes had been filed, and had no control over what had been originally requested in the praecipe for bill of exceptions. We also note that an appellate brief had not been filed at the time appellate counsel entered his appearance on May 30, 2019, and one was not filed until July 31, thus providing appellate counsel sufficient time to determine the issues to raise on appeal and whether it was necessary to supplement the appellate record.

Accordingly, trial counsel's failure to request that the bill of exceptions include the trial court proceedings did not prohibit Gonzalez-Ramirez from raising trial issues because appellate counsel could have taken action to preserve the trial court issues. Appellate counsel had the opportunity to supplement the record with what trial counsel had failed to include in the bill of exceptions, but did not do so. Therefore, Gonzalez-Ramirez was not prejudiced by trial counsel's actions and we, therefore, reject this assignment of error.

Gonzalez-Ramirez next argues that his trial counsel was ineffective in failing to adequately investigate and present several aspects of his alibi defense. Specifically, he argues that his trial counsel failed to investigate and call four individuals as witnesses who would have provided an alibi for him, and a fifth individual who would have testified that the State's primary witness recanted his testimony incriminating Gonzalez-Ramirez.

The determining factor in deciding whether an ineffective assistance of counsel claim can be raised on direct appeal is whether the record is sufficient to adequately review the question. *State v. Munoz*, 303 Neb. 69, 927 N.W.2d 25 (2019).

Gonzalez-Ramirez argues that his trial counsel failed to investigate and present testimony from various witnesses related to his alibi defense. We determine that the failure to investigate aspects of his alibi defense and failure to call witnesses related to his alibi defense should be considered separately.

In regard to the failure to call certain witnesses related to his alibi defense, we do not have the trial record before us and therefore, are unable to know whether any witnesses were called to testify on matters related to his alibi defense. It is incumbent upon an appellant to supply a record

which supports his or her appeal. *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016). Absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *Id.* Without the bill of exceptions from the jury trial, we have no way of knowing whether any of the individuals referenced by Gonzalez-Ramirez testified at trial, whether he testified, or what he asserted as his defense. In other words, we are unable to tell if trial counsel presented the trial testimony and defenses Gonzalez-Ramirez claims were not presented. Accordingly, because Gonzalez-Ramirez failed to provide us with an adequate record, we cannot determine whether trial counsel was ineffective in failing to call witnesses to testify to matters related to his alibi defense and, for that reason, this claim of ineffective assistance of trial counsel fails.

In regard to Gonzalez-Ramirez' allegation that trial counsel failed to investigate certain aspects of his alibi defense, we conclude that even if we had the bill of exceptions from trial, it would not be sufficient to adequately review the question. The trial record would not reflect trial counsel's investigation in preparing for trial, or his mindset and strategy. Therefore, the absence of the bill of exceptions from the trial is not fatal to preserving the claim regarding trial counsel's failure to investigate.

CONCLUSION

We conclude that the trial court did not abuse its discretion in sentencing Gonzalez-Ramirez to 22 to 25 years' imprisonment. We further conclude that Gonzalez-Ramirez' trial counsel was not ineffective with regard to the language used in the notice of appeal. With regard to Gonazales-Ramirez' remaining ineffective assistance of trial counsel claims, Gonzalez-Ramirez failed to provide an adequate record for this court to review his claim that trial counsel failed to call certain witnesses, and therefore this claim fails. His claim that trial counsel failed to investigate his alibi defense could not have been determined on direct appeal even if the trial record had been provided, and therefore this claim is preserved.

Accordingly, Gonzalez-Ramirez' conviction and sentence are affirmed.

AFFIRMED.